KOS PHARMACEUTICALS,
INC., Plaintiff,

v.

BARR LABORATORIES,
INC., Defendant.

No. 02 Civ. 1683(VM).

United States District Court,
S.D. New York.

Nov. 21, 2003.

Denise L. Loring, Kenneth B. Herman, Robert B. Wilson, Fish & Neave, New York, NY, for Kos Pharmaceuticals, Inc.

Marion D. Moffett, James F. Hurst, Lynn M. Ulrich, Brian L. Franklin, Winston & Strawn, LLP, George Lombardi, Winston & Strawn, Chicago, IL, Brian R. Pollack, Stephanie S. McCallum, Taras A. Gracey, Kevin J. O'Shea, Anne L. Quintal, Winston & Strawn, New York, NY, for Barr Labs., Inc.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Kos Pharmaceuticals, Inc. ("Kos") has filed a motion seeking "clarification" of this Court's Decision and Order dated October 15, 2003 (the "Decision").[1] The Decision granted in part and denied in part defendant Barr Laboratories, Inc.'s ("Barr") motion to bifurcate the adjudication of the merits of this action into separate trials for liability and willfulness. The Court ruled that it would conduct a single trial before the same jury, although deferring consideration of the willfulness claim until after a factual determination of liability See Kos, 218 F.R.D. at 393–94. Consequently, the Court further determined that insofar as Barr considers relying on advice of counsel to defend against Kos's willfulness claim, Barr should not be compelled to express its election at this time. Rather, if Barr does elect to assert

---

1. The Decision is reported as *Kos v. Barr,* 218    F.R.D. 387 (S.D.N.Y.2003).

the defense, it will not be required to do so until after the jury's determination of liability. Under these circumstances, Barr would waive its attorney-client privilege and be obligated to disclose to Kos the relevant counsel's opinions. *See id.*

Nonetheless, as expressly articulated by the Court, the resolution of the dispute at hand did not contemplate a stay on *all* discovery relating to willfulness. *See id.* Rather, on this point, the Court noted that it was highly unlikely that Kos's claim of willfulness would rest entirely on what the opinions or testimony of Barr's counsel would reveal, and that if any basis exists to support a finding of willfulness it would be likely to be grounded as well on additional testimony and documentary proof produced by or elicited from other Barr sources and witnesses. *See id.* Accordingly, the Court concluded that although Barr may have legitimate grounds to claim prejudice were it compelled to waive its attorney-client privilege and disclose opinions of counsel at this point, that contention "cannot be expanded to encompass deferring discovery from [Barr's] other sources and witnesses." *Id.*

The Court's intent as conveyed by the passage cited above is quite apparent and should not require formal reconsideration or further clarification. Non-privileged discovery relating to *factual questions* bearing on willfulness should proceed from knowledgeable witnesses and relevant documents, other than from Barr's counsel and the content of their underlying communications with their client, as long as any such Barr sources and witnesses are not required to assert definitively Barr's intent with respect to reliance on the advice of counsel or to divulge the substance of any specific communications with counsel. Such non-privileged factual information may include, for example, the identity of persons involved in preparing and pro-

viding advice of counsel, as well as those receiving and relying upon such advice and possessing documents relevant to the matter, and the timing of those events and the general nature and location of materials produced in this regard. Because the scope of discovery concerning willfulness that the Decision authorized to proceed prior to the willfulness phase of the trial is essentially contingent upon a finding of liability and of Barr's subsequent assertion of the advice of counsel defense, the Court will not regard any willfulness evidence produced at this time in compliance with the Decision, and within the framework outlined in the instant Order, to constitute a waiver of Barr's privilege or a binding assertion of Barr's intent to rely on the advice of counsel defense.

The Court is also not persuaded that any further elaboration is necessary at this point concerning the scope and timeframe for any discovery requested from Barr's attorneys in the event liability is found and Barr asserts the advice of counsel defense. It is precisely in order to limit the amount of such additional discovery required after the liability phase that the Court is permitting as much of it as possible to occur now—short of Barr's privileged communications—even if some of the discovery generated turned out to be unnecessary in the event no liability were found. The parties may be better able to assess how much more discovery regarding willfulness may still be necessary after all other relevant discovery addressing the issue is concluded as contemplated under the Decision. As the action progresses closer to trial, this issue may be reexamined and the time for discovery modestly adjusted as appropriate upon a compelling showing that any extension is sufficiently warranted and would not unduly inconvenience the jury or the parties.

## ORDER

For the reasons set forth above, it is hereby

**ORDERED** that the request of plaintiff Kos Pharmaceutical, Inc. for leave to file a motion seeking further clarification or modification of the Court's Decision and Order dated October 15, 2003 is DENIED.

**SO ORDERED.**